UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HOLLY SARRE** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-0910** |
| **CITY OF NEW ORLEANS** | * | **SECTION "B" (4)** |

## ORDER

Oral Argument was held in open court addressing Defendant's Motion for Summary Judgment. (Rec. Doc. No. 95) and Plaintiff's Motion to Amend Order (Rec. Doc. No. 76). For oral reasons stated, **IT IS ORDERED** that the Motion to Amend Order and the Motion for Summary Judgment are **DENIED**. The Ordinance in question allows permitted artists to sell original works of art, defined as "those works produced and offered for sale by the artist which have been accomplished essentially by hand and precludes any mechanical or duplicative process in whole or in part." Municipal Code §§ 110-121 through 132. Plaintiff claims that the ordinance deprives her of her freedom of speech as provided by the First Amendment because it precludes the sale of prints.

To evaluate the constitutionality of content-neutral regulations on expression, the Court must examine: 1) whether the regulation is within the constitutional power of the government, 2) if the regulation furthers an important or substantial governmental interest, 3) if the regulation is unrelated to the suppression of free expression, and 4) if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest, i.e., that the regulation is "narrowly tailored." *Horton v. City of Houston*, 179 F.3d 188, 194 (5th Cir. 1999) (citing *United States v. O'Brien*, 391 U.S. 367, 377) (1968)). Such a regulation must be

narrowly tailored to serve a significant government interest, and must leave open ample alternative avenues of expression. *International Society for Krishna Consciousness of New Orleans v. City of Baton Rouge,* 876 F.2d 494, 497 (5th Cir. 1989).  Myriad factual issues remain regarding how the ordinance could be more narrowly tailored so Defendant fails to meet its burden for summary judgment on this issue.  The evidence affidavits of Jackson Square artists cited by Defendant still leaves material factual issues for trial, e.g. underlying basis that print sales would adversely affect original art sales.  Plaintiff counters that prints have been sold historically in Jackson Square, prior to the ordinance's inception, without adverse effects.

Defendant claims that the Dutch Alley Artists Coop located in the French Market serves as an adequate alternative accessible to Plaintiff's intended audience.  However, Plaintiff counters that the proposed alternative avenue is unreasonable because only prints are sold there and Jackson Square is a preferred venue.  Again, a question of weighing credibility surfaces.

**IT IS FURTHER ORDERED** propose a briefing schedule to the Court **no later than April 21, 2008.**  Parties should propose hearing dates for filing cross motions for summary judgment. Parties are further instructed to conduct further discovery regarding affiants' bases for assertions regarding the impact the ordinance on sales within Jackson Square in addition to addressing the other aforementioned material issues.

New Orleans, Louisiana, this 9th day of April, 2008.

                                            IVAN L. R. LEMELLE
                                         UNITED STATES DISTRICT COURT