**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **HOLLY SARRE, ET AL.** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. 05-910 |
| | * | REF.: ALL CASES |
| | * | |
| **NEW ORLEANS CITY** | * | SECTION "B"(4) |

## ORDER AND REASONS

Before the Court are Plaintiffs' Motion for New Trial or Reconsideration and/or to Alter or Amend or to Grant Relief from Judgment (Rec. Doc. No. 143) filed by Barbara Yochum and Jack Wittenbrink as well as a motion filed by Holly Sarré (Rec. Doc. No. 147) requesting similar relief. Defendant has filed an opposition (Rec. Doc. No. 155) to these motions, and Plaintiffs Wittenbrink and Yochum filed a reply (Rec. Doc. No. 160). Upon consideration of the motions, responses, applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' motions for reconsideration (Rec. Doc. Nos. 143 and 147) are **DENIED**.

### *BACKGROUND*

This lawsuit was initiated by Plaintiff Holly Sarré on March 24, 2005, and seeks an injunction and declaratory judgment that §§ 110, 121-132 of the 1995 New Orleans City Code (hereinafter "the Ordinance"), which prohibits her from selling reproduced prints of

her artwork in Jackson Square, is unconstitutional. Sarré alleged in her complaint that the Ordinance, which allows artists in Jackson Square to sell "original"[1] art only, deprives her of the First Amendment right to free speech and violated her Fourteenth Amendment rights under the Due Process, Equal Protection, and Privileges and Immunities Clauses.

On July 31, 2006, the Court administratively closed the case, directing Defendant City of New Orleans ("the City") to consider a more narrowly tailored ordinance that would allow artists to sell reproduced prints of original artwork in Jackson Square, provided that the substantial majority of sales revenue derives from the sale of original work. (*See* Rec. Doc. No. 32.) The Court granted Plaintiff's Motion to Reopen the case on April 12, 2007. (*See* Rec. Doc. No. 44.)

On April 15, 2008, the Court denied Defendant's Motion for Summary Judgment and Sarré's Motion to Amend Order. The Court further directed parties to conduct additional discovery and file cross-motions for summary judgment addressing three specific issues: (1) whether the sale of prints would have an adverse effect on the *tout ensemble (*"general effect") of Jackson Square and the Vieux Carré in general, (2) whether the Ordinance is narrowly

---

[1] The ordinance defines "original" as "those works produced and offered for sale by the artist which have been accomplished essentially by hand and precludes any mechanical or duplicative process in whole or part."

tailored, and (3) whether the Dutch Alley Artists Co-op is an adequate alternative venue accessible to Plaintiff's intended audience. (*See* Rec. Doc. 108.) Both Plaintiff and Defendant filed a second motion for summary judgment and opposition memoranda (Rec. Doc Nos. 112, 113, 117, 120 131).[2] The Court then granted summary judgment in favor of the City on July 20, 2009. (*See* Rec. Doc. No. 141.)

Plaintiffs Yochum and Wittenbrink now move for reconsideration or for amended judgment under Federal Rules of Civil Procedure 59 and 60. (Rec. Doc. No. 143.) One week later, Plaintiff Sarré filed a similar motion for amended judgment and incorporated by reference the motion filed by Yochum and Wittenbrink. (Rec. Doc. No. 147.) Plaintiffs submit that the Court should not have granted summary judgment in favor of the City because there was insufficient evidence in the record on all three points, *supra*, that the Court asked the parties to address in their second motions for summary judgment. Plaintiffs also argue, in their reply brief (Rec. Doc. No. 160), that a prohibition on their selling prints in Jackson Square limits their ability to reach their intended audience. For these reasons, Plaintiffs ask the Court to reconsider its grant of summary judgment for Defendant or alternatively to amend the Order and Reasons (Rec. Doc. No. 141) to

---

[2]The claims of Plaintiffs Jack Wittenbrink, Barbara Yochum, and Gary Tanner were consolidated with Sarré's action during this summary judgment briefing schedule.

3

remove any reference to the French Market, flea market, or Dutch Alley Artists Co-op as adequate alternative venues.

Defendant's opposition to Plaintiffs' motions begins by defending the French Market as an adequate alternative forum. Specifically, Defendant clarifies that the French Market's vendor policy limits the number of vendors who sell a particular type of item to avoid over-saturation of the French Market with that item. When vendors for that type of item leave, the French Market begins accepting new applications for vendors of that type of item.

Defendant then elaborates on the importance of maintaining the *tout ensemble* within the Vieux Carré through the ordinance that permits sale of only original art and not reproductions. Finally, Defendant describes the adequate alternative venues of all three movant plaintiffs that would permit them to display and sell their prints.

## *DISCUSSION*

A motion for "reconsideration" does not exist in the Federal Rules of Civil Procedure, but a party's request for reconsideration is construed under Rule 60 as a motion for relief from a final judgment when filed more than ten days after entry of judgment. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 n.3 (5th Cir. 1991). If filed within ten days, the motion is considered under Rule 59 as a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e);

*Bass*, 211 F.3d at 962. The motion filed by Plaintiffs Yochum and Wittenbrink (Rec. Doc. No. 143) is thus considered under Rule 59 because it was filed on August 3, 2009, which is within ten days of the judgment entered on July 20, 2009. *See* Fed. R. Civ. P. 6(a)(2) (effective until December 1, 2009) (explaining that holidays and weekends are omitted when computing time periods of less than eleven days). The motion filed by Plaintiff Sarré, however, must be considered under Rule 60 because it was filed after the ten-day deadline imposed by Rule 59(e).[3]

**A. Rule 59**

Rule 59 permits the Court to "grant a new trial on all or some of the issues . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a). This rule enables the Court to open a judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment. A Rule 59 request for a new trial may be construed as a request for reconsideration or as a motion to alter or amend. *Prescott-Follett & Assocs., Inc. v. DELASA/Prescott-Follett & Assocs.*, 100 Fed.

---

[3]Effective December 1, 2009, the deadline for filing a Rule 59 motion was extended to twenty-eight days after entry of judgment. *See* Fed. R. Civ. P. 59(b). However, because the judgment and subsequent motions to reconsider were all filed prior to December 1, 2009, the old ten-day deadline applies here.

5

Appx. 288 (5th Cir. 2004); *see also Amie v. State Farm Fire & Cas. Co.*, 2006 WL 3068819 (E.D. La. Oct. 25, 2006).

A motion to reconsider requires (1) an intervening change in controlling law, (2) availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equip. Res., Inc.*, 2004 WL 1488665, at *1 (E.D. La. June 30, 2004). The Court enjoys considerable discretion in granting or denying such a motion, and an amendment of judgment is an extraordinary remedy which must be used sparingly and should not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. *Boyd's Bit Service, Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F. Supp. 2d 938, 939 (W.D. La 2004). "These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).

In their Motion for Reconsideration (Rec. Doc. No. 143), Plaintiffs Yochum and Wittenbrink argue that there was insufficient evidence in the record to support the Court's entry of summary judgment in favor of Defendant. As such, Plaintiffs have grounded their motion for reconsideration in the argument that the Court was clearly erroneous in granting summary judgment for Defendant and

that the judgment must be corrected to prevent manifest injustice. *See Freeport-McMoran Sulphur LLC,* 2004 WL 1488665, at *1. The Court, however, properly applied the standard for summary judgment and substantive First Amendment law when it ruled on the parties' cross-motions for summary judgment in July 2009.

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law applicable to the content-neutral Ordinance at issue here is what is known in First Amendment jurisprudence as a "time, place, and manner" restriction; in other words, the government must show that the regulation serves a significant government interest, that the regulation is narrowly tailored to achieve that significant interest, and that the regulation leaves open ample alternative channels of communication. *See Consol. Edison Co. v. Pub. Serv. Comm'n*, 447 U.S. 530, 535-36 (1980).

In its July 20, 2009 Order and Reasons, the Court found that there was no material issue of fact regarding the adverse effect that selling prints in Jackson Square would impose upon the *tout ensemble* of the area. Specifically, the Court properly relied on evidence submitted by Defendant showing that sales of prints harm the cultural milieu of artists colonies like the one in Jackson

7

Square.  Plaintiff had failed to submit sufficient evidence to the contrary, and, as a result, the Court correctly found that the significant interest of the City in maintaining the *tout ensemble* of Jackson Square would be adversely affected by sales of prints in the area.  (*See* Rec. Doc. No. 141 at 9-10.)

The Court was also correct when it found that the Ordinance is narrowly tailored.  A content-neutral regulation is narrowly tailored if the regulation "promotes a substantial government interest that would be achieved less effectively absent the regulation."  *United States v. Albertini*, 472 U.S. 675, 689 (1985).  Accordingly, the regulation does not need to be the least restrictive or intrusive means of achieving the government's interest to pass constitutional muster.  *Ward v. Rock Against Racism*, 491 U.S. 781, 799 (1989). A content-neutral restriction on freedom of speech will be upheld if it does not substantially burden more speech than necessary to further the government's legitimate interest. *Id*.  Although the Court did order Defendant "to consider an ordinance that narrowly tailors the concerns expressed by the Court regarding an artists' ability to sell original artwork as well as reproductions of the artists' original artwork . . . " (Rec. Doc. No. 32), that order did not express any finding by the Court, implicit or otherwise, that the current Ordinance is not narrowly tailored.  That the City did consider, as ordered by the Court, and ultimately reject an amendment to make

8

the Ordinance more narrowly tailored is of no moment. The current Ordinance is sufficiently narrowly tailored because it prohibits only prints reproduced through mechanical or duplicative means and therefore does not substantially burden more speech than necessary to further the City's interest in maintaining the *tout ensemble* of the artists colony at Jackson Square.

Finally, the Court correctly found that there are adequate alternative venues for Plaintiffs to reach their intended audience. Although the French Market flea market may not currently be accepting new applications for vendors who sell prints, it does have retail space available to a limited number of print vendors. When space for more print vendors becomes available, Plaintiffs can apply to sell their prints there. Furthermore, Plaintiffs can also apply to become members of the Dutch Valley Artists Co-op in the area. As already explained in the Order issued July 20, 2009, these alternative venues provide ample opportunity for Plaintiffs to reach their intended audience. The internet and galleries, while perhaps not reaching the exact audience intended by Plaintiffs, exist as other options for Plaintiffs to sell their prints to the public.

In sum, because Plaintiffs have failed to show an intervening change in controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or prevent manifest injustice, *see Freeport-McMoran Sulphur LLC*,

9

2004 WL 1488665, at *1, reconsideration under Federal Rule of Civil Procedure 59 should be denied.

**B.    Rule 60**

Relief is available under Rule 60 for clerical mistakes under subsection (a) and for more substantive problems under subsection (b). Sarré's motion to reconsider does not allege a clerical error but rather argues that the Court erroneously granted summary judgment in favor of Defendant, despite allegedly insufficient evidence in the record to support such a judgment. Sarré also claims that there is new evidence that was unavailable to her prior to issuance of the judgment—namely the affidavit of Plaintiff Wittenbrink. Reconsideration could therefore fit within the scope of Rule 60(b)(1), mistake, Rule 60(b)(2), discovery of new evidence, or Rule 60(b)(6), the "catch-all" provision.

**1.    Rule 60(b)(1)**

Under Rule 60(b)(1), relief may be granted for "mistake, inadvertence, surprise, or excusable neglect." In the Fifth Circuit, relief is available for a mistake that represents an "obvious error of law, apparent on the record." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987). Obvious errors are those that "conflict with a clear statutory mandate" or involve a "fundamental misconception of the law." *Id*. As explained in Part A, *supra*, the Court made no judicial mistake that constitutes an "obvious error of law" in this case. Sarré is therefore not

10

entitled to relief under Rule 60(b)(1) because the Court properly granted summary judgment in favor of Defendant.

**2. Rule 60(b)(2)**

Rule 60(b)(2) states that the court may relieve a party from a final judgment due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). The "new information" regarding the availability of space for print vendors at the French Market flea market, which is contained in the Wittenbrink affidavit, could have been obtained by any Plaintiff in this action prior to entry of judgment in July 2009. In any event, the Court has already determined in Part A, *supra*, that the flea market's policy of limiting the number of a particular type of vendor does not remove it from the list of adequate alternative venues for Plaintiffs to sell their prints.

**3. Rule 60(b)(6)**

Relief under Rule 60(b)(6) is also inapplicable here. This subsection is a catch-all provision that provides relief when justified for "any other reason." Fed. R. Civ. P. 60(b)(6). The Fifth Circuit has interpreted this provision to apply exclusively in the presence of "extraordinary circumstances." *Batts v. Tow Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995). An erroneous judgment that may cause some hardship is not sufficient to rise to

11

the level of extraordinary. *Williams v. New Orleans Pub. Svc., Inc.*, 728 F.2d 730, 736 (5th Cir. 1984). Relief under Rule 60(b)(6) is also mutually exclusive, which means that grounds for relief promulgated under Rule 60(b)(1)-(5) cannot be used to gain relief under subsection (b)(6). *Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 863 & n.11 (1988).

Sarré's motion for reconsideration argues that relief should be granted on the basis of judicial error and newly discovered evidence. These arguments are construed under Rules 60(b)(1) and 60(b)(2), respectively, and cannot form the basis of a motion for relief under subsection (b)(6) as well. *See* James Wm. Moore et al., Moore's Federal Practice - Civil § 60.48 (Matthew Bender 3d ed. 2009). Sarré makes no mention of additional factors justifying relief, and the allegations of erroneous judgment or newly discovered evidence, standing alone, are insufficient to demonstrate the existence of extraordinary circumstances. *Williams v. New Orleans Pub. Svc., Inc.*, 728 F.2d 730, 736 (5th Cir. 1984). As such, Rule 60(b)(6) does not apply to this case either. Accordingly,

**IT IS ORDERED** that Plaintiffs' motions for reconsideration

(Rec. Doc. Nos. 143 and 147) are **DENIED**.[4]

New Orleans, Louisiana, this 9th day of December, 2009.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

---

[4] As this Court stated in the early stages of this case, our personal desire for relief on the merits is trumped by binding applicable law.